IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NELDA WILSON**, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>**NATHAN COX**,<br><br>      Defendant.<br><br>─────────────────────────<br><br>**NATHAN COX**,<br><br>      Third-Party Plaintiff,<br><br>      v.<br><br>**COUNTRY PREFERRED INSURANCE COMPANY**,<br><br>      Third-Party Defendant. | Case No. 3:15-cv-0059-SI<br><br>**OPINION AND ORDER** |

Steven Goldberg, 3525 SE Brooklyn Street, Portland, OR 97202, and Talia Yasmeen Stoessel, BENNET, HARTMAN, MORRIS & KAPLAN LLC, 210 SW Morrison Street, Suite 500, Portland, OR 97204.. Of Attorneys for Plaintiffs.

Michael G. Smith, GATTI, GATTI, MAIER, SAYER, THAYER, SMITH & ASSOC., 1781 Liberty Street S.E., Salem, OR 97302. Of Attorneys for Defendant and Third-Party Plaintiff.

Deanna L. Wray and Heather A. Bowman, BODYFELT MOUNT LLP, 319 S.W. Washington Street, Suite 1200, Portland, OR 97204. Of Attorneys for Third-Party Defendant.

PAGE 1 – OPINION AND ORDER

**Michael H. Simon, District Judge.**

Nathan Cox asserts a third-party claim against Country Preferred Insurance Company ("Country"). Mr. Cox alleges that he is currently party to a pending mandatory arbitration with Country regarding personal insurance protection ("PIP") and underinsured motorist ("UIM") claims. Mr. Cox further alleges that those claims arise out of the same common nucleus of operative fact as the claims made by Plaintiffs, Trustees for the AGC-International Union ("Trustees"). Mr. Cox argues that the Court has supplemental jurisdiction over his state claims against Country pursuant to 28 U.S.C. § 1367(a), and that the Trustees should be bound to the findings of the arbitration. Country moves to dismiss the third-party claim against it under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Country's motion is GRANTED.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office*

PAGE 2 – OPINION AND ORDER

*Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## BACKGROUND

For purposes of this motion, the Court accepts as true the facts pleaded in Mr. Cox's first amended answer and third-party complaint (Dkt. 27). Mr. Cox filed his amended third-party complaint after Country filed its motion to dismiss the third-party complaint. The Court considers Country's motion as applying to the amended third-party complaint.

Mr. Cox was involved in an automobile accident in which another driver rear-ended Mr. Cox's vehicle. Mr. Cox suffered injuries in that accident. At the time of the accident, the driver who was at fault had insurance in the amount of $50,000, and Mr. Cox had UIM coverage in the amount of $100,000 and PIP coverage in the amount of $50,000 from Country. Mr. Cox submitted to Country his medical bills for discograms and back surgeries. Country denied those claims, concluding that the procedures were not reasonably and necessarily incurred because of the automobile accident.

After Country determined that Mr. Cox's back problems were not caused by the automobile accident, Mr. Cox submitted those medical bills to his medical insurance plan, an ERISA-regulated employee benefit plan (the "Plan"). Plaintiffs Trustees are the trustees for the

PAGE 3 – OPINION AND ORDER

Plan. The Trustees denied coverage for Mr. Cox's discograms but paid for his two back surgeries, which were performed approximately two and one-half years after the date of the automobile accident. Mr. Cox has since settled with the at-fault driver's insurance company for $45,000.

The Trustees brought this action against Mr. Cox to enforce the terms of the Plan. In essence, the Trustees allege that they paid medical benefits on Mr. Cox's behalf in connection with injuries he sustained as a result of an automobile accident. The Plan provides a first priority right of reimbursement on behalf of the Trust Fund in the event that the Plan participant receives any personal injury recovery from a third-party. Trustees claim they have a right to be reimbursed from Mr. Cox's $45,000 settlement recovery.

Mr. Cox also is currently involved in a pending arbitration with Country, as his PIP/UIM provider. Allegedly at the insistence of the Trustees, Mr. Cox is disputing in the arbitration the denial of PIP and UIM coverage for his back discograms and surgeries.

Mr. Cox has undergone several independent medical examinations, which have all concluded that his back injuries were not caused by the automobile accident. Mr. Cox alleges that he is disputing those findings at the insistence of the Trustees and that he has requested the Trustees take over the litigation with Country and that the Trustees have declined to do so. Mr. Cox further alleges that the Trustees have "made it clear that they would not be bound by any decision by the PIP and UIM arbitrator" if the arbitrator finds that Mr. Cox's back injuries were not caused by the motor vehicle accident and that the Trustees have stated that they are "exempt from the law."

## DISCUSSION

Country argues that Mr. Cox has failed to state a claim against Country, that the amended third-party complaint alleges only facts relating to the underlying binding arbitration (that

PAGE 4 – OPINION AND ORDER

Mr. Cox submitted medical claims that were denied by Country and are currently in dispute), and that any claim against Country is preempted by the agreed-upon arbitration.

Mr. Cox's third-party allegations against Country are not well-articulated. The portion of Mr. Cox's amended answer and third-party complaint setting forth his third-party claim alleges as follows: (1) Mr. Cox was insured by Country for PIP and UIM; (2) the Trustees assert a claim to the proceeds of Mr. Cox's UIM and PIP coverage and the Trustees assert a "right to insist" that Mr. Cox include his back surgeries in his PIP and UIM claim against Country; (3) the Trustees assert that because Mr. Cox is claiming in his litigation with Country that his back surgeries are covered by his PIP and UIM coverage, that fact conclusively establishes that Mr. Cox's back injuries were caused by the accident and the Trustees can rightfully seize Mr. Cox's accident settlement recovery; and (4) because of these facts, Country is "properly joined" in this lawsuit between the Trustees and Mr. Cox. Dkt. 27 ¶¶ 48-49. Mr. Cox seeks in his third-party complaint against Country, as an alternative remedy to "joining" Country, that the Trustees should be ordered to participate in or be bound by the arbitration proceeding. *Id.* ¶ 50.

Mr. Cox's "alternative" third-party allegation that the Trustees should be bound by the arbitration is unrelated to Country and is not a basis on which to base a third-party complaint against Country. This assertion by Mr. Cox relates only to his dispute with the Trustees, not his dispute with Country.

Mr. Cox's "primary" allegations against Country also do not state a claim for relief. Mr. Cox asserts that Country is properly "joined" in this case, but does not articulate what claim he is asserting against Country. He does not allege facts from which it can plausibly be inferred that he is asserting a claim against Country for improper denial of PIP or UIM benefits. To the contrary, much of Mr. Cox's allegations appear to be that Mr. Cox believes his back injuries

PAGE 5 – OPINION AND ORDER

were not caused by the automobile accident and that he is only disputing Country's decision not to pay for those treatments only because the Trustees insist that he do so. Such allegations do not assert a good-faith claim against Country in this litigation.[1]

Additionally, to the extent Mr. Cox is intending to "join" Country in this litigation to dispute Country's denial of coverage for Mr. Cox's discograms and back surgeries, that dispute is properly the subject of the pending arbitration. Mr. Cox does not allege that he did not agree to arbitration or that the arbitration agreement with Country is unenforceable. Under Oregon law, disputes about the amount of PIP and UIM benefits or denial of PIP and UIM benefits shall be decided by arbitration if both parties agree. Or. Rev. Stat. §§ 742.520(6); 742.504(1)(a). Any claim at this time by Mr. Cox that Country improperly denied Mr. Cox PIP or UIM benefits, therefore, is not properly before this Court.

Mr. Cox also appears to be demanding a jury trial relating to his dispute with Country. To the extent he is arguing that the agreed-upon binding arbitration proceedings infringe on his right to a jury trial, that argument is unavailing. Because Oregon's statute does not require binding arbitration, but instead makes arbitration binding only upon agreement of both parties, a party's agreement to arbitration also waives that party's right to a jury trial on that issue. *Barackman v. Anderson*, 338 Or. 365, 371-72 (2005).

The heart of Mr. Cox's concern appears to be a fear that the arbitrator will conclude that Mr. Cox's discograms and surgeries were not caused by the automobile accident and that Country properly denied coverage, and yet the Trustees will continue to seek reimbursement in this case for the payments the Plan made for Mr. Cox's back surgeries, arguing that the back surgeries were, in fact, caused by the automobile accident. Although the Court is not

---

[1] The Court reaches no conclusions about the good faith of Mr. Cox's allegations and arguments in the arbitration.

PAGE 6 – OPINION AND ORDER

unsympathetic to a general concern of potential conflicting results between this case and the arbitration, such a concern does not suffice to state a claim for relief against Country. Moreover, the preclusive effect of any arbitration decision requires a factual analysis that cannot be performed until after the arbitration decision is rendered.[2]

## CONCLUSION

Third-Party Defendant Country Preferred Insurance Company's motion to dismiss (Dkt. 23) is GRANTED. Defendant/Third-Party Plaintiff Nathan Cox's claims against Country are dismissed.

**IT IS SO ORDERED**.

DATED this 25th day of August, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[2] The Court notes that arbitrations regarding PIP coverage may have a preclusive effect on parties to the arbitration, depending on whether the five requirements established in *Nelson v. Emerald People's Utility Dist.*, 318 Or. 99, 104 (1993), are met. *Barackman*, 338 Or. at 371.

PAGE 7 – OPINION AND ORDER