IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**NELDA WILSON**, et al.,

    Plaintiffs,

    v.

**NATHAN COX**,

    Defendant.

Case No. 3:15-cv-00059-SI

**OPINION AND ORDER**

Steven Goldberg, 3525 SE Brooklyn Street, Portland, OR 97202; and Talia Y. Stoessel, BENNETT, HARTMAN, MORRIS & KAPLAN LLP, 210 SW Morrison Street, Suite 500, Portland, OR 97204. Of Attorneys for Plaintiffs.

Michael G. Smith, GATTI, GATTI, MAIER, SAYER, THAYER, SMITH & ASSOC., 1781 Liberty Street S.E., Salem, OR 97302. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Defendant, Nathan Cox, asserts a counterclaim against Plaintiffs, the Trustees ("Trustees") of the AGC-International Union of Operating Engineers Local 701 Health and Welfare Trust Fund ("Trust"). Specifically, Cox alleges that the Trustees breached their fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Before the Court is the Trustees' motion to dismiss the counterclaim under Federal

PAGE 1 – OPINION AND ORDER

Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Trustees' motion is GRANTED and Cox's counterclaim is DISMISSED with prejudice.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim, including a counterclaim, or when the claim lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of factual allegations, the court must accept as true all well-pleaded material facts alleged by the claimant and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the claimant. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint or counterclaim must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A [counterclaim] has facial plausibility when the [counterclaim defendant] pleads factual content that allows the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

PAGE 2 – OPINION AND ORDER

## BACKGROUND

For purposes of this motion, the Court accepts as true the facts pleaded in Cox's First Amended Answer, Affirmative Defenses, and Counterclaims ("Counterclaim") (Dkt. 27).

The Trustees provided medical insurance to Cox. Countercl. ¶ 39. In September 2008, Cox saw a neurosurgeon for a pre-existing back condition. *Id.* ¶ 4. In October 2008, Cox was involved in a motor-vehicle accident, for which he was not at fault, and he sustained various injuries, resulting in additional back pain. *Id.* ¶ 5. After Cox reported the accident and injuries to the Trust, a Trust employee instructed that:

> [Cox] needed to submit all of his post-accident medical bills in any way related to his back to his [personal injury protection ("PIP")] carrier, not to the trust, and because it was a Washington policy with three-year coverage, and at least $50,000 in coverage, the trust would not pay for any treatment incurred within those first three years unless or until the PIP benefits were exhausted.

*Id.* ¶ 6.

In September 2009, Cox received cervical discograms. *Id.* ¶ 9. He initially submitted the discogram bills to his PIP carrier, Country Companies. *Id.* ¶ 12. Country Companies denied reimbursement, claiming the discograms were not related to the accident but were actually related to Cox's pre-existing back condition. *Id.* Cox subsequently submitted the discogram bills to the Trust. *Id.* ¶ 13. In March 2011, Cox underwent two lower-back surgeries and submitted the surgery bills to the Trust. *Id.* ¶ 19.

In September 2011, the Trust responded to the submissions by requiring Cox and his attorney to sign a supplemental agreement. *Id.* ¶ 14; Dkt. 32-2 at 1; Dkt. 32-3 at 1. This agreement established that Cox was to reimburse the Trust for any benefits the Trust advanced relating to injuries caused by a third party if Cox received a settlement, arbitration award, or

court award from the third party. Dkt. 32-2 at 1-2.[1] This supplemental agreement also allowed Cox's attorney to deduct some attorney's fees from any recovery first, with the Trust then receiving the appropriate net amount of compensation. *Id.* at 1. Cox signed this supplemental agreement in November 2011. Countercl. ¶ 15.

The Trust denied coverage for Cox's discograms because Cox did not submit the bills within one year of the date of the treatment. *Id.* ¶ 16. The Trust also "informed [Cox] that any appeal would be futile." *Id.* The Plan establishes that "in no event shall benefits be allowed if the bill is submitted or the notice of claim is made beyond one calendar year from the date on which expenses were incurred." Dkt. 32-1 at 11. The Trust did, however, pay for Cox's back surgeries. Countercl. ¶ 19.

Cox subsequently settled with the third-party, at-fault motorist's insurance company for $45,000. *Id.* ¶ 20. The Trust maintains that Cox's back surgeries resulted from the accident and requests a portion of Cox's settlement with the at-fault motorist to reimburse the Trust for some of its expenditures for Cox's back surgeries. *Id.*

---

[1] The counterclaim expressly references the supplemental agreement and the Health & Welfare Plan ("Plan"). Thus, the Court may consider both the supplemental agreement and the Plan in full without converting the pending motion to a Rule 56 motion. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"); *Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) ("Thus, for example, a court ruling on a motion to dismiss may consider the full texts of documents which the complaint quotes only in part.").

# DISCUSSION

The Trustees argue that Cox has failed to state a claim for breach of fiduciary duty because the counterclaim fails to cite any applicable law and fails to allege sufficient facts to support the counterclaim.

Cox's counterclaim is not well pleaded for several reasons. First, he conflates numerous possible legal theories or bases into one counterclaim, including theories of due process, property law, the Fifth and Fourteenth Amendments, and the Tenth Amendment. Second, he fails to identify the authority under which he brings his breach of fiduciary duty claim. Finally, he lists multiple forms of relief, but some of the requested relief appears to relate to his affirmative defenses and his dismissed third-party complaint, not his counterclaim. After the Trustees highlighted these flaws in their motion to dismiss, Cox clarified that his counterclaim alleges a breach of fiduciary duty pursuant to ERISA and that he "seeks only equitable relief in the form of the Trust benefits [for the discograms] to which Defendant is entitled, and attorney fees and costs pursuant to ERISA § [1132](g)(1)." Dkt. 36 at 2.[2]

---

[2] Cox argues that recovering Trust benefits is a form of equitable relief. Dkt. 36 at 5-7. In support of this assertion, however, Cox cites to *Bast v. Prudential Insurance Company of America*, claiming that it was an "action to recover benefits under [an] ERISA plan [which] is precisely the equitable relief contemplated by the statute[.]" *Id.* at 5 (citing 150 F.3d 1003 (9th Cir. 1998)). On the contrary, the Ninth Circuit in *Bast* held that plaintiffs could not seek restitution for the cost of procedures under Section 1132(a)(3) because that "would be equivalent to awarding them money damages, and such an award would not be an equitable remedy." 150 F.3d at 1010. Cox additionally cites to *Farr v. U.S. West Communications, Inc.*, *McLeod v. Oregon Lithoprint, Inc.*, and *Kanawi v. Bechtel Corp.*, but these cases either confirm the holding in *Bast* or are entirely inapposite. *See* Dkt. 36 at 6 (discussing cases); *Farr*, 151 F.3d 908, 911 (9th Cir. 1998) ("[A]lthough Defendants breached their fiduciary duties to Plaintiffs, the damages Plaintiffs seek are nonetheless not recoverable as 'other appropriate equitable relief' under . . . § 1132(a)(3)."); *McLeod*, 102 F.3d 376, 378 (9th Cir. 1996) ("The relief [of money damages equal in amount to the benefits] which McLeod seeks is not 'equitable relief.'"); *Kanawi*, 2007 WL 5787490, at *2-*4 (N.D. Cal. May 15, 2007) (allowing a breach of fiduciary duty claim without discussing appropriate equitable relief).

PAGE 5 – OPINION AND ORDER

Although Cox contends in his response to the Trustees' motion that this is a breach of fiduciary duty claim under ERISA, presumably under 29 U.S.C. § 1132(a)(3)(B), the Trustees respond that this is actually a recovery of benefits claim under 29 U.S.C. § 1132(a)(1)(B). The counterclaim is silent on this issue. Thus, the Court analyzes the validity of the counterclaim under both provisions of ERISA and finds that the counterclaim fails under both provisions.

### A.  Recovery of Benefits Claim Under 29 U.S.C. § 1132(a)(1)(B)

ERISA allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B). The Ninth Circuit has emphasized that a recovery of benefits claim pursuant to Section 1132(a)(1)(B) can only be successful if recovering the benefits is consistent with the terms of the plan. *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 (9th Cir. 1993); *see also CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1876-77 (2011) ("The statutory language [of Section 1132(a)(1)(B)] speaks of '*enforc[ing]*' the 'terms of the plan,' not of *changing* them . . . . [W]e have found nothing suggesting that the provision authorizes a court to alter those terms . . . where the change, akin to the reform of a contract, seems less like the simple enforcement of a contract as written and more like an equitable remedy." (emphasis in original) (second alteration in original)).

Here, Cox seeks to recover benefits related to his discograms. The Trustees argue that Cox is unable to seek recovery of benefits under Section 1132(a)(1)(B) because he failed to exhaust his administrative remedies. "Before bringing suit under § [1132], an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.'" *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quoting *Diaz v. United Agric. Emp. Welfare Benefit*

PAGE 6 – OPINION AND ORDER

*Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995)). A court may, however, excuse a plaintiff from exhaustion under ERISA if exhaustion would be futile. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3rd Cir. 2002). Because Cox alleges that the Trust "informed [him] that any appeal would be futile[,]" the Court finds he alleges sufficient facts to be excused from exhaustion. Countercl. ¶ 16; *see Harrow*, 279 F.3d at 250 (discussing factors for a futility excuse, including "existence of a fixed policy denying benefits," and "testimony of plan administrators that any administrative appeal was futile").

Although the Court finds that Cox is excused from exhausting his administrative remedies based on futility, he fails to state a claim for recovery of benefits because relief would be inconsistent with the terms of the Plan. Cox acknowledges that he did not submit the discogram bills within one year of treatment. The Plan unequivocally states, however, that "in no event shall benefits be allowed if the bill is submitted or the notice of claim is made beyond one calendar year from the date on which expenses were incurred." Dkt. 32-1 at 11. Because Cox submitted the discogram bills more than one year after treatment, which contradicts the express terms of the Plan, Cox does not have a claim for recovery of benefits under Section 1132(a)(1)(B). *See Watkins*, 12 F.3d at 1528; *CIGNA Corp.*, 131 S.Ct. at 1876-77.

## B.  Breach of Fiduciary Duty Claim Under 29 U.S.C. § 1132 (a)(3)(B)

ERISA allows a beneficiary to bring a breach of fiduciary duty claim "to obtain other appropriate equitable relief . . . ." 29 U.S.C. § 1132(a)(3)(B). When determining what qualifies as "appropriate equitable relief," the Supreme Court has distinguished between legal and equitable relief. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-56 (1993) (limiting relief to "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)" (emphasis omitted)); *see also Gabriel v. Alaska*

*Elec. Pension Fund*, 773 F.3d 945, 954-55 (9th Cir. 2014) (discussing appropriate equitable relief).[3]

Although Section 1132(a)(3)(B) generally excludes recovery of benefits, it may include recovery of benefits in "extraordinary circumstances" under the theory of equitable estoppel. *Gabriel*, 773 F.2d at 956.[4] In the ERISA context, however, a party asserting estoppel must not only meet the traditional requirements of equitable estoppel, but must also allege:

> (1) extraordinary circumstances; (2) "that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect"; and (3) that the representations made about the plan were an interpretation of the plan, not an amendment or modification of the plan.

*Gabriel*, 773 F.3d at 957 (quoting *Spink v. Lockhead Corp.*, 125 F.3d 1257, 1262 (9th Cir. 1997)); *see also Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 822 n.9 (9th Cir. 1992) ("A plaintiff must first establish that the plan provision in question is ambiguous and the party to be estopped interpreted this ambiguity. If these requirements are satisfied, the plaintiff may proceed with the equitable estoppel claim by satisfying [the traditional equitable estoppel requirements]."). Based on these additional requirements, "a party cannot maintain a federal equitable estoppel claim in the ERISA context when recovery on the claim would contradict written plan provisions." *Gabriel*, 773 F.3d at 955-56. Even if a party received oral representations regarding benefits, those statements "cannot be used to contradict or supersede

---

[3] Under Section 1132(a)(3)(B), a beneficiary must prove both "that there is a remediable wrong" and "that the relief sought is 'appropriate equitable relief.'" *Gabriel*, 773 F.2d at 954. Because the Court finds that the relief sought is not "appropriate equitable relief," it does not address whether there is a remediable wrong.

[4] In *Gabriel*, the Court clarified that equitable estoppel is a form of "appropriate equitable relief." *Id.* at 955-56 n.4 (citing *Mertens*, 508 U.S. at 254). Although Cox did not discuss his counterclaim in the context of equitable estoppel, the Court construes it as such given the requested remedy to recover benefits.

PAGE 8 – OPINION AND ORDER

the written terms of an ERISA plan." *Id.* at 956 (quoting *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 986 n.2 (9th Cir. 1997)).

Here, the Trust informed Cox that it "would not pay for any treatment incurred within those first three years unless or until the PIP benefits were exhausted." Countercl. ¶ 6. Cox alleges that this statement is the reason he failed to submit the discogram bills within one year and, accordingly, the Trust should be estopped from relying on the one-year provision to deny coverage of Cox's discograms. The Plan, however, expressly and unambiguously requires that all bills be submitted within a year of treatment. The representations alleged by Cox were not an interpretation of the Plan but would serve to modify or contradict the Plan. Cox cannot use the oral representations of a Trust employee to contradict the unambiguous written terms of the Plan. *See Gabriel*, 773 F.3d at 956. Accordingly, Cox fails to satisfy the additional requirements of equitable estoppel in the ERISA context, which require a showing that the Plan is ambiguous and that a representation interpreted that ambiguity. Thus, Cox fails to state a claim for breach of fiduciary duty under Section 1132(a)(3)(B).

## C.  Dismissal with Prejudice

The Court dismisses Cox's counterclaim with prejudice because amendment would be futile. A court may dismiss a claim with prejudice if providing the party with an opportunity to amend the claim would be futile. *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990). The Court has already provided Cox with an opportunity to amend his breach of fiduciary duty counterclaim. *See* Dkts. 13, 21, and 24. Despite this, Cox has not alleged facts sufficient to support a claim for breach of fiduciary duty or recovery of benefits. Additionally, because reimbursement of the discogram bills contradicts the express and unambiguous terms of the Plan, no new information could support a claim to recover benefits based on breach of fiduciary duty under Section 1132(a)(3)(B) or recovery of benefits under Section 1132(a)(1)(B).

PAGE 9 – OPINION AND ORDER

## CONCLUSION

The Trustees' motion to dismiss Cox's counterclaim (Dkt. 32) is GRANTED. Cox's counterclaim against the Trustees is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 16th day of October, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge